Claudeth J. Henry, Esq.
CJ HENRY LAW FIRM, PLLC
2303 East Fort King Street
Ocala, FL 34471
Tel: (352) 304-5300
Claudeth@CJHenryLaw.com
*pro hac vice application pending*

Matt Vance, Esq.
28 Valley Road    Suite 1
Montclair, NJ 07042
Tel: (973) 932-0098
MatthewVance@optonline.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CODY STEPHENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, VEOLIA NORTH AMERICA HEALTH AND WELFARE BENEFITS PLAN, *and its* PLAN ADMINISTRATOR, *and* COMPANIES 1 THROUGH 10,<br><br>　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>*Document Electronically Filed* |

　　The Plaintiff, Cody Stephenson, by and through his attorneys, Claudeth J. Henry, Esq. (*pro hac vice application pending*) and Matt Vance, Esq., complains against the Defendants as follows.

## NATURE OF SUIT

1. This is an action for plan benefits and relief from breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1001, et. seq., (ERISA).

## JURISDICTION & VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331, as well as 29 USC § 1132(e) and 29 USC § 1132(f).

3. Venue is proper in this district pursuant to 28 USC § 1391 and 29 USC § 1132(e) because the breaches occurred within this district and Defendants can be found here.

4. Plaintiff filed a Claim and an Appeal, both of which were denied. As such, he has exhausted his pre-litigation remedies prior to filing suit.

## PARTIES

5. Plaintiff currently resides at 14 Deer Street, Hazlet, New Jersey 07730. At all times relevant to this litigation, he has resided in New Jersey.

6. Plaintiff was previously employed by non-party Veolia North America (*hereinafter* "Veolia").

7. This employment entitled him to participate in the Veolia North America Group Disability Plan (*hereinafter the* "Plan").

8. The Plan provides Short Term Disability ("STD") and Long Term Disability ("LTD") benefits.

9. The Plan was previously insured by Liberty Life Assurance Company of Boston.

10. Between the date of Plaintiff's disability and the present, Liberty Life Assurance Company of Boston was involved in several corporate transactions. According to the Form 10-K filed with the Securities Exchange Commission, these transactions unfolded as follows:

> Lincoln National Corporation ("LNC," which also may be referred to "Lincoln" "we" "our" "us") is a holding company, which operates multiple insurance and retirement businesses through subsidiary companies.  Through our business segments, we sell a wide range of wealth protection, accumulation, retirement income and group protection products and solutions.
>
> \* \* \*
>
> On May 1, 2018, we completed the acquisition from Liberty Mutual Insurance Company of 100 percent of the capital stock of Liberty Life Assurance Company of Boston ("Liberty Life"), an operator of a group benefits business (the "Liberty Group Business") and an individual life and individual and group annuity business (the "Liberty Life Business").  In connection with acquisition, Liberty Life sold the Liberty Life Business on May 1, 2018, by entering into reinsurance agreements and related ancillary documents with Protective Life Insurance Company and its wholly-owned subsidiary, Protective Life and Annuity Insurance Company (together with

3

> Protective Life Insurance Company, "Protective"), providing for the reinsurance and administration of the Liberty Life Business.
>
> * * *
>
> Effective September 1, 2019, Liberty Life's name was changed to Lincoln Life Assurance Company of Boston ("LLACB").  Effective October 1, 2021, LLACB was merged into **The Lincoln National Life Insurance Company** ("LNL").

Form 10-K filed with the Securities & Exchange Commission by Lincoln National Corporation, bearing EIN 35-1140070, for the fiscal year ending December 31, 2021 (*emphasis added*).

11. Defendant Lincoln National Life Insurance Company (*hereinafter* "Lincoln") currently administers claims under the Plan for STD and LTD benefits.

12. Lincoln is an insurance company incorporated in Indiana. The carrier is authorized to do business in New Jersey.  It can be served with process by serving the New Jersey Department of Banking & Insurance, Commissioner of Insurance, 20 West State Street, Trenton, NJ 08625.

13. Defendant Plan Administrator is a fiduciary as defined by ERISA.  The last-filed Form 5500 identifies the Plan Administrator as: Veolia North America, LLC, 53 State Street, Floor 14, Boston, Massachusetts 02109.

14. Defendant Plan is an employee welfare benefit plan as defined by ERISA. Service on the Plan Administrator constitutes service on the Plan.

15. Defendants Insurance Companies 1 through 10 are fictitious insurance companies which fund and/or administer the STD and LTD benefits provided under the Plan.

## FACTUAL BACKGROUND

16. Prior to disability, Plaintiff was employed by Veolia.

17. Plaintiff was employed as a chemical operator, a safety-sensitive position.

18. Plaintiff's disability commenced in 2019 when he suffered a concussion.

19. He was admitted to a hospital as a result of the injury. And he was treated by his clinical providers thereafter.

20. This initial medical event developed into post-concussion syndrome. This syndrome has manifested itself, in part, in significant cognitive issues.

21. Mr. Stephenson's Claim for Benefits was initially approved.

22. The STD claim, however, was denied before Plaintiff received the full measure of benefits.

23. The policy of insurance currently in effect does not require a separate claim for LTD benefits.

24. Under the terms of the Plan, Plaintiff's initial claim for STD was sufficient to initiate a claim for LTD.

25. When Plaintiff's Claim was denied, he Appealed. As such, Plaintiff has exhausted his pre-litigation remedy with respect to both STD and LTD.

26. Upon information and belief, prior to the corporate transaction pled herein, the Plan provided for a three-year limitations period for seeking court review of Claim Denials.

27. Upon information and belief, the Plan's three-year limitations period was shortened to one-year.

28. Plaintiff did not receive a Summary of Material Modifications associated with this Plan amendment.

29. If said amendment were not processed according to the Plan's amendment procedure, then Plaintiff's rights and responsibilities would be processed with respect to pre-amendment procedures.

30. Upon information and belief, the Plan Administrator failed to provide Plaintiff with the relevant Summary Plan Description automatically when he was first enrolled in the Plan.

31. Plaintiff is unable to work because of his disability.

32. Plaintiff satisfies the definition of disability for both STD and LTD.

33. Plaintiff suffers from, *inter alia*, post-concussion syndrome.

34. Lincoln was aware that Plaintiff suffered from such a disability, and knew or should have known that it manifests itself in cognitive issues.

35. Lincoln failed to take the necessary steps to ensure that Plaintiff received a full and fair review of the Claim Denial.

36. Lincoln failed to take the necessary steps to ensure that its decision on Plaintiff's Claim was an accurate one.

37. Plaintiff sent a letter to the Defendant Plan Administrator requesting the Summary Plan Description and Summary of Material Modifications. This letter was received by the Plan Administrator's office at 3:58 pm on February 14, 2022.

38. On behalf of the Plan Administrator, an email was sent to the Plaintiff at 10:59 am on February 22, 2022. Said email provided two attachments. The first attachment is a document saved as LTD_Class_1_Benefit-Summary_Veolia.pdf   It is a two-page document entitled Veolia North America Summary of Benefits. The second attachment is a document saved as 2019-11-20 VLS-VEOLIA NORTH AMERICA LTD CL 1A+1B CERT.pdf   It is a forty-eight-page document beginning with the following text:

NOTICE OF CHANGE
In The Certificate Booklet
Issued to Employees of:
Veolia North America, LLC

39. The forty-eight-page document does not contain the following: a) the name of the plan; b) the address of the employer; c) the sponsor's Employer Identification Number; d) the name, address, and telephone number of the Plan Administrator; e) the agent for service of legal process; f) the date of the end of the plan year; or g) information concerning the appeal of denied claims.

40. To-date, Plaintiff has not received a Summary Plan Description or a Summary of Material Modifications in response to his written request.

## COUNT ONE
## CLAIM FOR BENEFITS

41. The foregoing paragraphs are incorporated here as if stated in full herein.

**WHEREFORE**, Plaintiff Stephenson requests entry of an Order providing the following relief:

42. Reinstatement of STD benefits retroactive back to the date that they were wrongfully terminated.

43. Payment of LTD benefits in accordance with the terms of the Plan.

44. Pre-judgment interest.

45. Attorneys' fees and costs.

46. Declaration that the Plan was improperly amended.

47. Any other relief that the court deems just and fit.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

48. The foregoing paragraphs are incorporated here as if stated in full herein.

49. Lincoln failed to provide LTD benefits to which the Plaintiff is entitled.

50. By failing to adequately process Plaintiff's entitlement to LTD, Defendant violated the fiduciary duties of prudence and loyalty.

51. Upon information and belief, Plaintiff has been denied rights with respect to other group benefits sponsored by his former employer as a result of the failure to provide him with LTD benefits.

**WHEREFORE**, Plaintiff requests an Order providing the following relief:

52. Determining that Defendants breached their fiduciary duty to Plaintiff.

53. Awarding to Plaintiff his reasonable attorneys' fees, costs of suit, interest, and equitable surcharge.

54. Awarding to Plaintiff the ancillary benefits to which he would have been entitled had his STD and LTD benefits not been denied.

55. Awarding the Plaintiff any other relief determined by the Court to be equitable and just.

## COUNT THREE
## FAILURE TO PROVIDE PLAN DOCUMENTS

56. The foregoing paragraphs are incorporated here as if stated in full herein.

57.  Plaintiff made a written request for the Summary Plan Description and the Summary of Material Modifications.

58.  Said request was received by the Plan Administrator on February 14, 2022.

59.  To-date, Plaintiff has received neither of the two requested documents.

**WHEREFORE**, Plaintiff requests an Order providing the following relief:

60.  $110 per day, beginning thirty days from the date of Defendant Plan Administrator's receipt of Plaintiff's request for the Summary Plan Description and the Summary of Material Modifications.

61.  Such other relief as this Court deems proper.

DATED:  May 6, 2022               Respectfully submitted,

s: /*Matt Vance, Esq.*
28 Valley Road
Suite 1
Montclair, NJ 07042
Tel: (973) 932-0098
MatthewVance@optonline.net

Claudeth J. Henry, Esq.
CJ HENRY LAW FIRM, PLLC
2303 East Fort King Street
Ocala, FL 34471
Tel:  (352) 304-5300
Claudeth@CJHenryLaw.com
*pro hac vice application pending*

Document Electronically Filed

10